## Case No. 10,438.

### ODORLESS RUBBER CO. v. NORTH BENNINGTON BOOT & SHOE CO.[1]

Circuit Court, D. Connecticut. June 16, 1876.

FACTORS—LIABILITY—FAILURE TO INSURE.

[Where the contract between a factor and his principal contained no written or parol agreement that the factor should keep the goods insured, and the principal failed to show that the factor was instructed to insure, or that the usage of trade or habit of dealing between them raised an implied obligation to insure, a subsequent parol undertaking by the factor to "see to" or provide his own insurance did not render him liable for the loss of the principal's goods by fire.]

[This was an action at law by the Odorless Rubber Company against the North Bennington Boot & Shoe Company on account, and for failure to insure goods lost by fire.]

Chas. E. Perkins and Samuel L. Warner, for plaintiffs.

Chas. R. Chapman and G. Collier, for defendants.

SHIPMAN, District Judge. This case was tried by the court, a trial by jury having been waived by written stipulation of the counsel of the respective parties. The facts which are found by the court to have been proved are as follows: The Odorless Rubber Company is a corporation duly incorporated in pursuance of the laws of the state of Connecticut, established and having its office in the city of Middletown in said state. The business of said corporation was, at the time hereinafter mentioned, the manufacture of India rubber goods. The North Bennington Boot & Shoe Company is a corporation duly incorporated in pursuance of the laws of the state of Vermont, and located in the town of North Bennington in said state, and whose business was, at the time hereinafter mentioned, the manufacture of leather boots and shoes, and the sale of all kinds of foot gear. Charles Hall and Thomas B. Harlow, composing the firm of Hall & Harlow, were, on the 2d day of September, 1871, the agents of the defendants, in the city of Chicago and state of Illinois, for the sale of their goods, and of other goods which were consigned to said company, and said agents were fully empowered to enter into the contract hereinafter mentioned. On the 2d day of September, 1871, the plaintiffs, by Horace L. Hall, their duly-authorized agent, and the defend-

ants, by said firm of Hall & Harlow, entered into and executed the written contract, a copy of which is hereto annexed and marked "Exhibit A." Prior to the date of said contract, the defendants had never been the agents or consignees of the plaintiffs. Before and at said date Bigelow was the agent of the plaintiffs in Chicago, and had in his hands a large quantity of their goods to the amount of about $15,000 in value. These goods were, immediately upon the execution of the contract, A, removed from the store of said Bigelow and deposited in the store of the defendants. Additional goods were sent from Middletown to the defendants in Chicago, at the request of said Hall & Harlow, to the value of about $1,000. I do not find that the defendants were ever requested by the plaintiffs to insure, or promised by parol to insure, any of said goods, but the day after the execution of said contract, A, the said Charles Hall had a conversation with said Horace L. Hall in regard to the insurance of all goods which were to be delivered by the plaintiffs to said Hall & Harlow, and which conversation had, in my opinion, immediate reference to the insurance of the goods which were to be turned over to them from said Bigelow. The said Charles Hall informed the said Horace L. Hall that he (Charles) wished to have no misunderstanding in regard to insurance, to which remark Horace L. Hall replied that "there was no misunderstanding; they would see to their own insurance." The defendants did not insure the plaintiffs' goods, and took out no policies after May 20, 1871. The great fire at Chicago, on November 8, 1871, completely destroyed the defendants' store and its contents and all their books and papers. Prior to said fire, the defendants had sold some of the plaintiffs' goods, and were on said day indebted to the plaintiffs for said goods so sold in the sum of $107.99, as nearly as the same can be ascertained, which sum, with the interest thereon, is still due. At the time of said fire, the defendants had goods in their store of the plaintiffs to the amount and value of $15,000, as nearly as the same can be ascertained. The destruction of all the defendants' books and papers renders it impossible to make a more accurate estimate. There was no evidence that there is or was any usage of trade that factors should insure for the benefit of the consignors, in the absence of an agreement or of instructions to that effect.

The conclusions of law are:

1. The contract, A, contains no promise or agreement on the part of the defendants to insure the goods of the plaintiffs. The plaintiffs agree to deliver the goods, which they are to furnish the defendants as the plaintiffs' factors, at the defendants' store in Chicago, with all expenses, including insurance, paid; but the defendants do not, in the contract, assume the burden or duty of effecting insurance, without instructions. They do

not promise, or place themselves under obligations, to insure.

2. Inasmuch as the defendants have not promised to keep the plaintiffs' property insured, by written or parol agreement, and it is not proved that they received instructions to insure, or that the usage of trade or the habit of dealing between them and their principals raised an implied obligation to insure, but the plaintiffs did by parol, subsequently to the date of the contract, undertake to "see to" or to provide their own insurance, there was no violation of contract obligations, or of instructions, or of duty, by the defendants.

3. Judgment should be rendered in favor of the plaintiffs for $107.99 and interest from November 9, 1871.

### Exhibit A.

#### Chicago, Sept. 2nd, 1871.

It is agreed between the Odorless Rubber Company of Middletown, Connecticut, parties of the first part, and the North Bennington Boot & Shoe Company, of North Bennington, Vermont, parties of the second part, as follows: The Odorless Rubber Company, parties of the first part, in consideration of the agreements hereinafter mentioned, do appoint the North Bennington Boot & Shoe Company, parties of the second part, to act as their agents in Chicago, Illinois, for the exclusive sale of their rubber boots and shoes and water-proof foot gear, and they agree to furnish the parties of the second part with a full line of the same as they may order, at such time and in such quantities as their sales may require, delivering all goods to the parties of the second part at their store in Chicago, Illinois, with all expense paid, including insurance, and they also agree to pay the said parties of the second part five per cent. commission and two and one-half per cent. guaranty, on all sales of their goods which the parties of the second part may make. And the parties of the second part, in consideration of the above, agree to receive the said goods at their store in Chicago, Illinois, and to use their best efforts to sell the same at market rates, not exceeding forty and ten per cent. off from list price, guarantying to the parties of the first part all sales made by them. And the said parties of the second part further agree that they will render an account of sales every thirty days, and pay the same either in cash or notes.

The Odorless Rubber Co.
(Signed) H. L. Hall, Agt.
North Bennington Boot & Shoe Co.
(Signed) Hall & Harlow, Agts.
Filed in court, February 19th, 1872.
Test: Vinal, Clerk.